UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DISCOVER GROWTH FUND,

          Plaintiff,

  -against-

6D GLOBAL TECHNOLOGIES INC.; NEW
YORK GLOBAL GROUP, INC. ; NYGG (ASIA),
LTD.; BENJAMIN TIANBING WEI A/K/A
BENJAMIN WEY; TEJUNE KANG; MARK
SYNKOWSKI; ADAM HARTUNG; DAVID S.
KAUFMAN; TERRY MCEWEN; ANUBHAV
SAXENA; TIANYI WEI; MICHAELA WEI;
SEREF DOGAN ERBEK,

          Defendants.

15 Civ. _____ ( )

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DECLARATION OF MILES WALTON IN SUPPORT OF PLAINTIFF'S ORDER TO SHOW CAUSE FOR AN ATTACHMENT AND TEMPORARY RESTRAINING ORDER

I, Miles Walton, hereby declare under penalty of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am a director with Osiris Management Services Ltd. ("Osiris"), the corporate director for plaintiff Discover Growth Fund ("Discover"). I submit this declaration in support of plaintiff Discover's application by order to show cause for an order of attachment and temporary restraining order enjoining and restraining Defendants and their successors, assigns, agents, employees, officers, attorneys and all other persons acting in concert or in participation with any of them from transferring, disposing of, encumbering or otherwise diminishing or secreting any money, real or personal property, or other assets.

2. In its capacity as corporate director of Discover, Osiris made the investment decision to enter into the Stock Purchase Agreement ("SPA") with defendant 6D Global Technologies Inc. ("6D Global") that is the subject of the underlying litigation. I executed the SPA on behalf of Osiris. Pursuant to the SPA, Discover paid 6D Global $10,000,000.00 in exchange for 1,088 shares of Series A Redeemable Convertible Preferred Stock of 6D Global.

3. Discover entered into and executed the SPA in reliance on the publicly available information that 6D Global had filed in its periodic reports to the Securities Exchange Commission (including 6D Global's Form 10-K filed on or around March 19, 2015) which were carefully reviewed as part of the due diligence process, and based upon the terms of, and the representations and warranties contained in, the SPA.

4. 6D Global secured Discover's prompt execution of the SPA based on 6D Global's representations that it needed the proceeds from the SPA to conduct two separate acquisitions following funding, each valued at $10 million, to be paid for half in cash and half in stock.

5. At the time the SPA was executed, neither Osiris nor anyone at Discover were aware of Benjamin Wei's (a/k/a Benjamin Wey) involvement in 6D Global, much less any of the allegations of securities fraud, stock price manipulation, and asset siphoning that were soon exposed in the U.S. Department of Justice's indictment, filed on September 8, 2015, and in the complaint filed against Wei and others by the U.S. Securities and Exchange Commission on September 10, 2015.

6. Had Osiris or Discover known about Wei or any of the allegations in the indictment or SEC complaint, Discover would not have entertained or executed the SPA.

I declare under penalty of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct. Executed on 25 September, 2015 at 12 pm (Atlantic Time), Road Town, Tortola, British Virgin Islands.

_____
Miles Walton