UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x

DISCOVER GROWTH FUND,

        Plaintiff,

  -against-

6D GLOBAL TECHNOLOGIES INC.; NEW YORK GLOBAL GROUP, INC.; NYGG (ASIA), LTD.; BENJAMIN TIANBING WEI A/K/A BENJAMIN WEY; TEJUNE KANG; MARK SYNKOWSKI; ADAM HARTUNG; DAVID S. KAUFMAN; TERRY MCEWEN; ANUBHAV SAXENA; TIANYI WEI; MICHAELA WEI; SEREF DOGAN ERBEK,

        Defendants.

15 Civ. 7618 (PKC)

------------------------------------------------x

## DECLARATION OF JEFFREY MEYERSON

I, Jeffrey Meyerson, hereby declare under penalty of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am a registered representative with Capital City Securities. I have known Plaintiff Discover Growth Fund ("Discover"), and its predecessor, for 2 years. I knew Discover was interested in investment opportunities in July and August of 2015.

2. In late July of 2015, I was introduced to Defendant 6D Global Technologies Inc. ("6D Global" or the "Company"). In late July or early August of 2015, I had an initial meeting with 6D Global's CEO, Defendant Tejune Kang, and its CFO, Defendant Mark Synkowski (collectively, the "Executive Officers"), at 6D Global's corporate headquarters in New York, to



discuss potential opportunities for investment in the Company. Over the following days I had several meetings with the Executive Officers at 6D Global's headquarters. During this time I also reviewed the Company's filings with the Securities and Exchange Commission and other publicly available information as well as an investment presentation provided by the Company.

3. Shortly thereafter, in late July or early August, I proposed the Company as an investment opportunity to Discover. Discover asked for, and was provided only public information about 6D Global. Discover expressed interest in the Company, and I proceeded to then make introductions. From that point the parties proceeded to discuss and negotiate the stock purchase agreement that was executed on August 10, 2015 ("SPA").

4. During my meetings with the Company, and prior to the August 10 closing date, I learned of the involvement of Benjamin Wei in 6D Global. During this time the Executive Officers also informed me that, because Defendant NYGG Asia Ltd. ("NYGG Asia"), which they would commonly refer to as "NYG" or "NYGG," and would casually refer to NYG, NYGG and "Ben" interchangeably, was the holder of roughly 45% of 6D Global's stock, that their permission (NYGG Asia) was necessary for the transaction under discussion. I spoke to Wei on the phone several times in the days prior to the August 10 closing of the SPA. Wei expressed to me his interest in seeing 6D Global growing into "a billion dollar company" by 2020, and 6D Global becoming a major player in the digital marketing industry.

5. At no time prior to the closing did anyone at the Company or Wei himself indicate or mention that there was a pending investigation of Wei by the Department of Justice or the Securities and Exchange Commission or that an indictment and lawsuit would shortly be filed.



I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct. Executed on October 2, 2015.

_____
Jeffrey Meyerson