UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
DISCOVER GROWTH FUND,

                Plaintiff,

      - against -

6D GLOBAL TECHNOLOGIES INC.; NEW
YORK GLOBAL GROUP, INC.: NYGG
(ASIA), LTD,; BENJAMIN TIANBING WEI
A/K/A BENJAMIN WEY; TEJUNE KANG;
MARK SYNKOWSKI; ADAM HARTUNG;
DAVID S. KAUFMAN; TERRY MCEWEN;
ANUBHAV SAXENA; TIANYI WEI;
MICHAELA WEI ; SEREF DOGAN ERBEK,

                Defendants.
-------------------------------------------------------------------x

No.: 15-cv-7618 (PKC)

**ANSWER BY GENERAL DENIAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 8(b)(3)**

      Defendant 6D Global Technologies, Inc. ("6D Global"), by and through its undersigned attorneys K&L Gates LLP, hereby submits its Answer to Plaintiff Discover Growth Fund's ("Plaintiff") complaint, filed September 28, 2015 (the "Complaint"), alleges as follows:

## GENERAL DENIAL

      Pursuant to Fed. R. Civ. P. 8(b)(3), 6D Global generally denies each and every fact, claim, and allegation contained in the Complaint, or lacks sufficient knowledge or information to admit or deny the allegations contained in the Complaint, and on that basis denies them, except for only the following allegations that 6D Global specifically admits:

## SUMMARY OF ACTION

      1.    With respect to the allegations in Paragraph 1 of the Complaint, 6D Global specifically admits only that it entered into a Stock Purchase Agreement with Plaintiff dated as of August 10, 2015 (the "SPA"), which was attached as Exhibit A to the Complaint, and states that the SPA speaks for itself.

## THE PARTIES

2. With respect to the allegations in Paragraph 8 of the Complaint, 6D Global specifically admits only that it is a Delaware Corporation headquartered in New York, New York and that it has traded on the NASDAQ under the ticker symbol "SIXD."

3. With respect to the allegations in Paragraph 9 of the Complaint, 6D Global specifically admits only that, as of March 19, 2015, NYGG (Asia), Ltd. was a holder of approximately 45% of the outstanding shares of common stock of 6D Global, as reported in 6D Global's Form 10-K filed with the Securities and Exchange Commission (the "SEC"), dated as of March 30, 2015.

4. With respect to the allegations in Paragraph 12 of the Complaint, 6D Global specifically admits only that Tejune Kang is the Chairman and Chief Executive Officer of 6D Global and that, as of March 19, 2015, Tejune Kang controlled approximately 29.7% of the outstanding shares of common stock of 6D Global through certain limited liability companies, as reported in 6D Global's Schedule 13D filed with the SEC, dated as of September 29, 2014, and its Form 10-K filed with the SEC, dated as of March 30, 2015.

5. With respect to the allegations in Paragraph 13 of the Complaint, 6D Global specifically admits only that Mark Szynkowski is the Chief Financial Officer of 6D Global.

6. With respect to the allegations in Paragraph 14 of the Complaint, 6D Global specifically admits only that Adam Hartung is an independent director of 6D Global.

7. With respect to the allegations in Paragraph 15 of the Complaint, 6D Global specifically admits only that, as of this date, David S. Kaufman is an independent director of 6D Global.

8. With respect to the allegations in Paragraph 16 of the Complaint, 6D Global specifically admits only that, as of this date, Terry McEwen is a director of 6D Global.

9. With respect to the allegations in Paragraph 17 of the Complaint, 6D Global specifically admits only that, as of this date, Anubhav Saxena is an independent director of 6D Global.

## FACTUAL ALLEGATIONS

10. With respect to the allegations in Paragraph 23 of the Complaint, 6D Global specifically admits only that it entered into the SPA with Plaintiff, dated as of August 10, 2015, and states that the SPA speaks for itself.

11. With respect to the allegations in Paragraph 31 of the Complaint, 6D Global specifically admits only that as of March 19, 2015, NYGG (Asia), Ltd. was a holder of approximately 45% of the outstanding shares of common stock of 6D Global, as reported in 6D Global's Form 10-K filed with the SEC, dated as of March 30, 2015.

## AFFIRMATIVE DEFENSES

### AS AND FOR 6D GLOBAL'S FIRST AFFIRMATIVE DEFENSE

12. The Court lacks subject-matter jurisdiction over this action.

### AS AND FOR 6D GLOBAL'S SECOND AFFIRMATIVE DEFENSE

13. The Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR 6D GLOBAL'S THIRD AFFIRMATIVE DEFENSE

14. Plaintiff's claims against 6D Global are barred because those claims are subject to resolution via arbitration in the Territory of the Virgin Islands pursuant to the SPA's broad, exclusive, valid, and binding Arbitration Clause, and are to be governed under the laws of the Cayman Islands pursuant to the SPA's Governing Law Clause.

6D Global expressly reserves the right to amend and/or supplement its Answer and to add, amend, or withdraw its affirmative defenses or add counterclaims as further investigation or discovery so dictates and the Federal Rules of Civil Procedure permit.

Dated:   New York, New York
         October 21, 2015

By: _____
David S. Versfelt
Brian D. Koosed

K&L GATES LLP
599 Lexington Avenue
New York, New York 10022-6030
Tel: (212) 536-3900
Fax: (212) 536-3901

*Attorneys for Defendant 6D Global Technologies, Inc.*